IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMES MICHAEL ROUSE,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART MOTION FOR RULE 32.1 DISCOVERY<br><br>Case No. 1:19-cr-00003-JNP<br><br>Chief Judge Jill N. Parrish |

Before the court is defendant James Michael Rouse's motion for discovery related to an upcoming revocation of supervised release hearing. Dkt. No. 105. Under Rule 32.1 of the Federal Rules of Criminal Procedure, Rouse requests an order requiring the United States Probation and Pretrial Services Office (USPO) to disclose all chronological notes regarding Rouse, as well as any reports and recordings generated by the USPO while investigating Rouse.[1] The motion is GRANTED IN PART and DENIED IN PART.

The Federal Rules of Evidence do not apply to supervised release revocation hearings. FED. R. EVID. 1101(d)(3). And because the revocation of supervised release is not part of a criminal prosecution, individuals under supervision are not entitled to the same panoply of rights available in a criminal proceeding. *United States v. Williams*, 106 F.4th 1040, 1045 (10th Cir. 2024). Instead, individuals facing revocation of supervised release must be afforded the "minimum requirements

[1] Rouse initially requested an order to disclose all police reports in the USPO's possession as well. But after the government represented that all documents in the USPO's possession other than the chronological notes had been provided, Rouse dropped his request for the police reports in his reply brief.

of due process," which generally includes "the right to confront and cross-examine adverse witnesses." *Id.* (citation omitted). The due process requirements for supervised release hearings are laid out in Rule 32.1(b)(2) of the Federal Rules of Criminal Procedure. *Id.* Under this Rule, an individual on supervision is entitled to "disclosure of the evidence against the person" and "an opportunity to appear, present evidence, and question any adverse witness unless the court determines that the interest of justice does not require the witness to appear." FED. R. CRIM. P. 32.1(b)(2)(B), (C).

Rouse first moves for the disclosure of the chronological notes maintained by the USPO regarding his supervision. The government does not object to disclosure of the notes but argues that the disclosure should be limited to the portions of the notes that are relevant to the remaining allegations of the supervised release violation petition.[2] Rouse argues that all of the chronological notes should be disclosed because the court should ultimately decide which notes are material. The court, however, has the ability to judge the materiality of the notes prior to disclosure. The court will review the chronological notes in camera and disclose those portions of the notes that are relevant and that do not contain confidential information regarding third parties. *Cf.* FED. R. EVID. 612 (providing that if "justice requires," a court may require a party to disclose a writing that a witness has used to refresh his or her memory before testifying, but if "the producing party claims that the writing includes unrelated matter, the court must examine the writing in camera, delete any unrelated portion, and order that the rest be delivered to the adverse party").

Next, Rouse argues that the USPO should disclose any reports regarding its investigation of the allegations against him. The government has not opposed this request. Accordingly, the court

[2] The government indicates that it will dismiss allegations 6–8, 18, 19, and 21.

also directs the USPO to deliver any additional reports or recordings to the court for in camera review to determine whether they should be disclosed to Rouse.[3]

DATED November 4, 2026.

BY THE COURT

Jill N. Parrish
Chief Judge for the District of Utah

[3] Rouse includes a number of objections to the government's proposed evidence in its reply brief to this discovery motion. But Rouse may not raise these objections for the first time in a reply brief to another motion. Rouse may either file a separate motion in limine or raise these objections at the supervised release hearing.